UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MELVIN DAVIS, | ) | CASE NO. 1:08 CV 441 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MAGGIE BEIGHTLER, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On February 21, 2008, petitioner *pro se* Melvin Davis filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2254. Davis is incarcerated in an Ohio penal institution, having been convicted, pursuant to a no contest plea, of trafficking in drugs, drug possession, and having a weapon under disability. For the reasons stated below, the petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state court remedies. 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (*per curiam*); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). The Court of Appeals for the Sixth Circuit has determined that "[t]he exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted). Davis raises six grounds in support of the petition. While these grounds were apparently

1

raised on direct appeal to the Ohio court of appeals, the petition reflects that Davis was denied a delayed appeal to the Ohio Supreme Court.

Although the petition is silent concerning the reason Davis's motion for delayed appeal was denied by the Ohio Supreme Court, this court must assume the motion was denied because he failed to make the requisite showing of adequate reasons for the delay or otherwise failed to comply with Ohio Sup.Ct. R. II(2)(A)(4)(a). *See*, *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996). Thus, Davis was procedurally barred from raising the grounds sought to be raised herein in the state court.

If a procedural bar in the state court exists, this court will not consider the claims unless petitioner establishes adequate cause to excuse his failure to raise the claims and actual prejudice to him. *Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir. 1991)(citing *Murray v Carrier*, 477 U.S. 478, 488 (1986)); *see also*, *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1990). No such showing is reasonably suggested by the petition.

For the foregoing reasons, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Dated: April 24, 2008

                                      **HONORABLE SARA LIOI**
                                      **UNITED STATES DISTRICT JUDGE**